# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **TONY BENCINA, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**AFL MAINTENANCE GROUP, INC.,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:21-cv-00017-JNP-JCB<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Tony Bencina's ("Mr. Bencina") short form discovery motion to compel Defendant AFL Maintenance Group, Inc. ("AFL") to produce its corporate tax returns from 2013-2020.[2] The court heard oral argument on the motion on November 10, 2022, and, at the conclusion of the hearing, took the motion under advisement.[3] Having carefully considered the parties' written memoranda and counsel's oral arguments, the court issues the instant Memorandum Decision and Order. Based upon the analysis set forth below, the court grants Mr. Bencina's motion to compel AFL to produce its tax records from 2013-2020.

---

[1] ECF No. 6.
[2] ECF No. 54.
[3] ECF No. 58.

## BACKGROUND

Mr. Bencina contends that AFL allegedly owes him bonus payments stemming from his employment with AFL.[4] Mr. Bencina asserts that AFL's tax records can be used to calculate the bonus payments to which Mr. Bencina may be entitled because "the bonus calculation is directly related to the company's administrative expenses and overall income performance."[5] The parties' dispute over AFL's nondisclosure of its 2013-2020 tax records has now spanned eight months and involved two motions to compel.[6]

In Mr. Bencina's Second Set of Interrogatories and Requests for Production of Documents, Mr. Bencina requested that AFL indicate how much it "declared as administrative expenses *in its tax returns for each year since 2013*."[7] AFL responded to this request by producing the company-wide Profit and Loss ("P&L") statements for 2015-2020, which contained Mr. Bencina's individual project expenses, as well as company-wide administrative expenses.[8]

In a September 21, 2022 email, Mr. Bencina communicated to AFL that "[g]iven that Mr. Natividad [i.e., AFL's Chief Executive Officer] testified that the P&Ls he produced were for official tax purposes, [Mr. Bencina] would still need the actual tax filings and what was declared in taxes for each year."[9] AFL responded by email on October 28, 2022, maintaining that "AFL

---

[4] ECF No. 2-3 at 2–5.

[5] ECF No. 54 at 1.

[6] ECF Nos. 31–46, 54.

[7] ECF No. 54-4 at 4 (emphasis added).

[8] ECF No. 56 at 1–2.

[9] ECF No. 54-1 at 1.

has already fully and properly responded to Mr. Bencina's requests for production of . . . documents showing the administrative expenses declared for each tax year since 2013" by producing the P&L statements.[10]

On October 31, 2022, Mr. Bencina filed the instant motion to compel AFL to produce its tax records from 2013-2020.[11] Mr. Bencina's motion asserts that AFL's tax records are relevant to determining the actual amount AFL declared as expenses to reconcile alleged discrepancies between the administrative expenses in the P&L statements Mr. Bencina possessed before discovery and those AFL produced in discovery.[12]

In response, AFL argues that, if it produced the tax records, Mr. Bencina would be unable to distinguish between Mr. Bencina's individual projects and AFL's other projects because the tax forms reflect only administrative expenses for the whole company.[13] Additionally, AFL argues that the confidential nature of tax returns requires a heightened standard of protection that Mr. Bencina cannot overcome.

For the reasons state below, the court grants Mr. Bencina's motion, albeit on slightly different grounds than those raised in the parties' meet and confer discussions. Under Fed. R. Civ. P. 26, AFL's tax records are relevant to Mr. Bencina's claim that AFL breached the covenant of good faith and fair dealing as to Mr. Bencina's profit-share bonus pay[14] and proportional to the needs of the case. Moreover, the court finds that DUCivR 26-2's Standard Protective Order

---

[10] ECF No. 54-3 at 1.
[11] ECF No. 54.
[12] *Id.* at 5
[13] ECF No. 56 at 2.
[14] ECF No. 2-3 at 6.

("SPO"), which automatically applies in every civil case in the District of Utah, sufficiently protects AFL's privacy interests regarding the tax records. Accordingly, Mr. Bencina's motion is granted, and AFL is ordered to produce its 2013-2020 tax records.

## ANALYSIS

AFL must produce its 2013-2020 tax records because they are relevant to the claims and defenses in this action and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[15]

"[A]t the discovery stage, the concept of relevance should be construed very broadly."[16] Although—in the court's view—AFL's tax returns are not the best vehicle for Mr. Bencina to reconcile any discrepancies between the P&L statements of his own individual projects and the company-wide P&L statements, the tax records can provide *some* context related to AFL's administrative expenses.

The source that would likely provide the best understanding of any discrepancies in the P&L statements would be the deposition of AFL Chief Financial Officer Luis Barrera ("Mr. Barrera") who prepared the P&Ls AFL produced. However, because Mr. Barrera is unavailable

---

[15] Fed. R. Civ. P. 26(b)(1).
[16] *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995).

to testify,[17] the tax records are the next-most relevant and accessible resource in understanding the P&L dispute. At oral argument, Mr. Bencina's counsel also raised the issue that if a forensic accounting were done in expert discovery, having the tax returns would be necessary for the expert to perform his/her analysis. Thus, the tax returns have limited relevance to the claims and defenses in this action. Further, the court finds that the burden on AFL to produce its tax records is minimal compared to the benefit of understanding AFL's administrative expenses to calculate any bonus payments allegedly owed to Mr. Bencina. Accordingly, the tax returns are just relevant enough and the burden of producing them is low enough to warrant production.

The authority on which AFL relies to the contrary is not persuasive. AFL cites *Sabic v. Franklin Covey Products, LLC*, for the proposition that tax returns are "'not generally discoverable'" except for "'when the plaintiff's income is directly at issue.'"[18] However, *Sabic* creates a rule that Rule 26 does not. Instead of requiring special treatment for tax returns, Rule 26 requires only that the discovery sought be nonprivileged, relevant to the claims and defenses in the action, and proportional to the needs of the case.[19] Further, in reaching its conclusion in *Sabic*, the court applied a Tenth Circuit case where plaintiffs seeking to maintain an antitrust class action were not required to produce income tax returns to show financial capacity to

---

[17] ECF No. 54 at 2.

[18] No. 2:10-cv-00343, 2010 WL 4286280, at *3 (D. Utah Oct. 22, 2010) (quoting *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974); *see also* ECF No. 56 at 2.

[19] *See King v. Cellco P'ship*, 543 F.Supp.3d 1219, 1222-24 (D. Utah 2021) (stating that Fed. R. Civ. P. 26 does not mandate special treatment of tax documents but subjects them to the same rules as other sensitive documents).

maintain the action.[20] This circumstance is inapplicable to Mr. Bencina's case, in addition to being outside the governing principles of Rule 26. Therefore, *Sabic* is unpersuasive.

Although the tax records are relevant and not overly burdensome to produce—and therefore discoverable under Rule 26(b)(1)—AFL understandably has concerns about producing sensitive tax information to Mr. Bencina. Under Fed. R. Civ. P. 26(c)(1), the court's SPO applies in every civil case filed in the District of Utah.[21] Under the SPO, AFL may designate certain information produced in discovery as "Confidential" or "Confidential—Attorney's Eyes Only," to address the issues of concern in this case. The SPO provides AFL with assurances that Mr. Bencina will adequately guard AFL's sensitive tax information or will face court-imposed consequences for failing to do so.

## CONCLUSION AND ORDER

Therefore, IT IS HEREBY OREDERED that:

1. Mr. Bencina's Motion to Compel Production of AFL's 2013-2020 tax records[22] is GRANTED.

2. AFL shall produce the relevant tax records to Mr. Bencina within seven days of this Order, no later than November 24, 2022.

3. The court declines to award expenses under Fed. R. Civ. P. 37(a)(5) because the arguments for and against the Mr. Bencina's motion were substantially justified in that they had reasonable basis in law and fact.

---

[20] *Sanderson*, 507 F.2d at 480.

[21] DUCivR 26-2(a).

[22] ECF No. 54.

IT IS SO ORDERED.

DATED this 17th day of November 2022.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge